The opinion of the court was delivered by
Tilghman, C. J.
This action was brought by Jacob Weitzel, the defendant in error and plaintiff below, against Christopher Weidman, the plaintiff in error. The action was founded on a promise by the defendant, that in .case the plaintiff would forbear to proceed in an execution issued by him, and levied on the goods of John Weidman, son of the defendant, he, the defendant, would pay to the plaintiff, on the first day of June, 1816, the debt and costs for which the execution was issued. The declaration having stated the defendant’s promise, avers, that the plaintiff did forbear all proceedings on his execution, in consideration of the said promise, and then lays a breach of the promise in the usual manner. The defendant gave evidence to prove, that on the fifteenth day of June, 1816, John Weidman paid to the plaintiff, in part of the debt and costs for which the plaintiff had issued the execution against him, the sum of two hundred and twenty-six dollars, on which the plaintiff promised to give him two weeks for the payment of the residue; and he also proved, that Sheriff Ham-bright, to whom the writ of fieri facias was directed, had returned it, 11 debt and costs paid.” At what time this return was made, did not certainly appear, but the probability was, that it was not less than two years from the day on which it was re *97 tarnable, and not less than a year after .the commencement of this action. Although the writ of fieri facias remained in the hands of the sheriff until he returned it, yet there was no evidence that the plaintiff had ordered him to proceed with it. The defendant then offered to prove that a certain John Stouffer, against whom and the said Joseph Weidman, jointly, an execution had issued, at the suit of John and William Quqrll, had paid to Sheriff Ham-bright more than the amount of the said execution, some time in the year 1817, and prior to the commencement of this suit, and had ordered him to apply the overplus to the discharge of the plaintiff’s execution against John Weidman, which Hambright agreed to do. To this evidence the plaintiff’s counsel objected, because it was not proved that it was with the plaintiff’s knowledge, that Hambright recovered this money of Stouffer, or that it had ever come to the hands of the plaintiff, Hambright having become insolvent. The court rejected the evidence, — on which the counsel for the defendant took a bill of exceptions. Besides this, there were thirteen points proposed to the court by the defendant’s counsel, on which a written answer was requested, according to the act of assembly, &c. A number of errors have been assigned, all of which were reduced to three.
1. That the return of the fieri facias by Sheriff Hambright, il debt and costs paid,” was conclusive on the plaintiff; and the Court of Common Pleas erred iii charging the jury to the contrary. This is but an awkward return, for it is not said that the sheriff levied on the goods of the defendant, or to whom the debt and costs were paid. It is said to be the usual return by the sheriffs of this county, where they have made the money by a levy on the defendant’s goods, and I presume the case to be so. I will not say, therefore, how the law would have stood, if this return had been made in proper time. But considering that it was made two years out of time, and not less than a year after the commencement of-this suit, it stands under such suspicious circumstances, as to be unworthy of the name of a regular legal return, by which the plaintiff should be concluded. There was no error, therefore, in the opinion given on this point by the president of the Court of Common Pleas.
2. The next error is, in instructing the jury, that the receipt by the plaintiff of two hundred and twenty-six dollars from John Weidman, on the 15th of June, 1816, and giving him two weeks longer to pay the balance, did not amount to a discharge of the defendant from his promise to pay his son’s debt, on the 1st of June, 1816. I think the charge of the court was right. Before the receipt of this money, the defendant had broken his promise,. and the plaintiff’s right of action was complete. If he had after-wards proceeded in his execution against John Weidman, he would have been under great difficulty in supporting an action, *98 because he had promised a total forbearance. But the bare receipt of money, w as not prosecuting the execution, nor any injury to the defendant. On the contrary, it was a benefit to him, because it lessoned the amount, to be paid by him. Neither was the giving John Weidman two weeks more to pay the balance, a prosecution of the execution. It was only as much as saying, that he would bring no suit on the promise made by the father, during that period. There was no evidence whatever, of any threat by the plaintiff to proceed in the execution, whether the balance was paid by John Weidman or not; or that the two hundred and twenty-six dollars which he did pay, were extorted by the manner of proceeding in the execution. There is no ground, therefore, for concluding, that the promise of the defendant was released. The conduct of the plaintiff was perfectly consistent, in receiving the money from the defendant’s son, and giving him a little indulgence for the balance, and insisting at the same time, on holding the defendant to his engagements.
3. The third error, is in rejecting the evidence mentioned in the bill of exceptions. The importance of the evidence is not material, provided it was in the least degree relevant. And it appears to me, that it was relevant in two points of view'. The defendant had given in evidence the return of Sheriff Ilambright, made on the plaintiff’s execution, íídebt and costs paid” which under the circumstances of the case was not conclusive evidence of payment, according to the opinion of the court expressed in the charge to the jury. The defendant, therefore, certainly ought to have been permitted to prove by other evidence, that the debt and costs were paid to the sheriff. But whether that payment would destroy the plaintiff’s right of action would depend on other circumstances. The other point of view in which the evidence strikes me as relevant, is, that it might have some little weight, in showing that the plaintiff had not totally forborne to proceed' on his execution against John Weidman. In that respect, the plaintiff had not been quite as cautious as he might have been. He certainly stopped the sale, but there was no positive proof of an order given by him to the sheriff, never to proceed again on the levy which he had made. He might have withdrawn the fieri facias from the sheriff’s hands, or have ordered him to return it, as countermanded by the plaintiff. But, instead of this, the sheriff was suffered to retain it, from which circnmstance, and the payment of the two hundred and twenty-six dollars by John Weidman, the defendant might have some colour for arguing before the jury, that the plaintiff had failed in his engagement to cease all proceedings on his execution. This, it will be seen, was one of the points, which the court submitted to the jury for their decision. I am far from saying, that the bare receipt of this money by the sheriff would, in itself, be conclusive evidence that the plaintjff had left the balance *99 in his hands for the purpose of receiving the balance of the debt and costs. It is sufficient if it was a circumstance proper to be submitted to the jury, and I am of opinion that it was. For this error, therefore, and for this only, the judgment must be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.